IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                       No. CR S-10-185 KJM

    vs.

GERARDO MAYA-CRUZ,

    Movant.                         <u>ORDER</u>

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that counsel was ineffective for failing to determine whether a prior conviction was invalid because it was not preceded by warnings that his guilty plea would have immigration consequences, neglecting to advise him of his right to have Mexican consular officials notified of his arrest, failing to advise him properly concerning the waiver of appeal, and for neglecting to file a notice of appeal, which stemmed in part from problems with the interpreter's translation of one of his remarks. ECF No. 25 at 4-5.

        Respondent filed the instant motion for an order finding a waiver of the attorney-client privilege and for discovery, specifically seeking to depose defense counsel and counsel's interpreter in order to respond to movant's claims. It also has sought and obtained an extension of time in which to answer the § 2255 motion so that the court may resolve this motion and the

1

government may conduct whatever discovery the court orders. Movant has not opposed the motion although the court gave him time to do so. ECF No. 44.

The parties are not entitled to conduct discovery as a matter of right in federal or state habeas proceedings. *Gracy v. Bramley*, 520 U.S. 899, 904 (1997) (discussing discovery in §2254 cases). Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Under Rule 6(b), "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents." These Rules give this court flexibility to fashion discovery procedures in the context of individual cases. *United States v. Stone*, 824 F. Supp. 2d 176, 186 (D. Me. 2011). Respondent argues it can obtain the necessary evidence to rebut movant's claims only by deposing trial counsel and her interpreter and securing a variety of documents from counsel's file. It relies on *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), to argue that movant's challenges to trial counsel's effectiveness work an implied waiver of the attorney-client privilege; based on *Bittaker*, it seeks this court's order recognizing the waiver. In seeking an order permitting him to depose trial counsel and her interpreter, respondent also seeks to request that counsel bring a variety of documents to the deposition. It has submitted a proposed deposition notice, scheduling the depositions for the U.S. Attorney's Office in Sacramento; it does not appear to recognize the practical difficulties of conducting a deposition in Sacramento when movant, proceeding in pro per, is incarcerated at the Federal Correctional Institution in Herlong, nor does it discuss why a unilateral deposition would be appropriate. *See United States v. Garcia*, No. CR S-02-0519 FCD DAD, 2010 WL 144860, at *1 (E.D. Cal. Jan. 11, 2010).

Practical and theoretical problems aside, the court does not find that respondent has established good cause to conduct discovery at this time and so declines to enter an order finding movant has waived the attorney-client privilege at this stage in the litigation.

There are many ways to address claims of counsel's ineffectiveness that do not involve questioning counsel, yet respondent has not suggested it has considered other ways of answering movant's claims. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984). It has therefore not shown the requisite cause to conduct discovery.

Moreover, "allowing discovery before the government has even answered the petition is not common. Respondent cites no authority for taking that unusual step . . . ." *United States v. Prado*, No. CR S-02-21 JAM KJM P, 2009 WL 4018147, at *1 (E.D. Cal. Nov. 18, 2009). As respondent has not cited to anything suggesting that pre-answer discovery is appropriate, the court declines to order it.

Accordingly, IT IS THEREFORE ORDERED that respondent's motion for an order finding a waiver of the attorney-client privilege and for discovery is denied without prejudice.

DATED: November 1, 2012.

_____
UNITED STATES DISTRICT JUDGE